**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff/Respondent,**<br><br>**v.**<br><br>**EARLY WILLARD WOODMORE, III,**<br><br>**Defendant/Petitioner.** | **Case No. 20-CR-004-JFH-2**[1]<br>**Case No. 25-CV-420-JFH** |

**OPINION AND ORDER**

Before the Court is Defendant/Petitioner Early Willard Woodmore, III's ("Petitioner") Motion for Relief under 28 U.S.C. § 2255 ("Original § 2255 Motion") [Dkt. No. 926] and his subsequent Amendments [Dkt. Nos. 968, 973, 981] to his Original § 2255 Motion. Ultimately, Petitioner's Original § 2255 Motion and his subsequent Amendments are DENIED.

**BACKGROUND**

A federal grand jury in the Eastern District of Oklahoma indicted Petitioner and eleven co-defendants on January 14, 2020. Dkt. No. 2. Petitioner was charged with the following counts:

- *Count One*, conspiracy to "knowingly and intentionally distribute 50 grams or more of methamphetamine (actual)," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846;
- *Count Two*, distribution of 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2;
- *Count Nine*, conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1) and 1956(h);
- *Count Twelve*, money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2; and
- *Count Twenty*, money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2.

[1] All citations to docket entries will reflect docket entries in case number 20-CR-004-JFH-2.

*Id.* Petitioner proceeded to a joint trial in April 2022. The jury ultimately convicted Petitioner on all five counts. Dkt. No. 629.

Following his trial and sentencing, Petitioner raised three challenges on appeal. *See United States v. Woodmore*, 135 F.4th 861, 872 (10th Cir. 2025). First, he argued that the Court's resolution of an apparent custody dispute at trial evinced actual or apparent judicial bias. *Id.* Second, he contended that the Court erred by delivering an instruction to the jury involving the right of attorneys to interview witnesses prior to trial. *Id.* Third, he argued that the Court erred by failing to provide the jury with a definitional instruction for the term "methamphetamine (actual)." *Id.* The Tenth Circuit rejected these challenges and affirmed Petitioner's judgment of conviction on April 18, 2025. *Id.* at 887.

Under 28 U.S.C. § 2255(f)(1), a criminal defendant has one year from "the date on which the judgment of conviction becomes final" to file a motion for relief under § 2255. 28 U.S.C. § 2255(f). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). A petitioner seeking Supreme Court review of a judgment entered by a United States court of appeals must file his petition for writ of certiorari "within ninety days after entry of the [appellate court's] judgment." Sup. Ct. R. 13.1, 13.3. "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment . . . and not from the issuance date of the mandate." Sup. Ct. R. 13.3. Accordingly, Petitioner's judgment of conviction became final on July 17, 2025, and his deadline to move for relief under 28 U.S.C. § 2255 was July 17, 2026.

Petitioner timely filed his Original § 2255 Motion on November 18, 2025, along with a "Motion for Immediate Release on Personal Recognizance, Without Surety, Pending the Outcome

of the § 2255 Habeas Case." Dkt. Nos. 926, 926-1. However, he filed an amendment to his Original § 2255 Motion on August 14, 2026 ("First Amendment"). Dkt. No. 968. He filed a second amendment on August 28, 2026 ("Second Amendment"). Dkt. No. 973. Then, he filed a "Motion to Withdraw All Claims Originally Filed on 2255 And Motion for Immediate Release And to Entertain Only Amended Claims of 2255" on August 31, 2026 ("Motion to Withdraw"). Dkt. No. 975. Finally, he filed a third amendment on October 6, 2026 ("Third Amendment"). Dkt. No. 981. The Court addresses all of these post-conviction motions and amendments below.

## ANALYSIS

### I. Petitioner's § 2255 Amendments are untimely.

Even though Petitioner's Original § 2255 Motion was timely, his subsequent amendments are not unless they relate back. If those amendments do not relate back, the Court lacks jurisdiction to consider their merits. *See United States v. Roe*, 913 F.3d 1285, 1300 n. 22 (10th Cir. 2019) (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 503-05 (10th Cir. 2000); *United States v. Trent*, 884 F.3d 985, 994 (10th Cir. 2018)). To determine whether an amended claim relates back under Fed. R. Civ. P. 15(c)(1)(B), the Court examines "whether the original and amended [motions] state claims that are tied to a common core of operative facts." *Roe*, 913 F.3d at 1298. "The answer to that question will often turn on whether the newly asserted claim would have had to be pleaded as a discrete claim . . . if it was set out in the original § 2255 motion." *Id.*

Petitioner timely raised the following claims in in his Original § 2255 Motion:

> Irrelevant Evidence Introduced so infected the [Trial] and Sentencing Phase(s) with Unfairness as to render the Resulting Conviction or Sentence, or Both, a Denial of Due Process . . . .
>
> Petitioner suffered ineffective assistance of counsel because Counsel was deficient and did not understand the federal laws as necessary to make a determination of the Precise Nature of the Government function involved as well as the private interest that has been affected by government action. Counsel's deficient performance facilitated a denial of due process as it relates

> to the resulting conviction, or the resulting sentence . . . because Counsel neither understood the relevance of the Evidence introduced, nor understood 28 C.F.R. Part 20 and 21 C.F.R. Part 1301 and all other federal laws . . . .
>
> Petitioner suffered prejudice from [ ] Ineffective assistance of counsel and was deprived of his Statutory Right to Appeal because Appellate Counsel did not understand . . . . the relevance of the Contents of Federal Register, did not understand the relevance of 21 C.F.R. Part 1301, along with Section 1301.11(a) and did not understand the relevance of 28 C.F.R. Part 20.

Dkt. No. 926 at 12-17; *see also id.* at 3-6. So, the Court will analyze Petitioner's subsequent Amendments to determine whether any relate back to his original claims.

**A. First and Second § 2255 Amendments**

Together, Petitioner's First and Second Amendments allege that trial counsel failed to assert Petitioner's Sixth Amendment right to confrontation and object to the testimony of Agent Young from the Drug Enforcement Agency. Dkt. No. 968 at 2; Dkt. No. 973 at 2-3. At trial, Agent Young testified that a confidential source for the DEA bought 55.7 grams of methamphetamine from Petitioner for $800. That methamphetamine was later tested in a lab and determined to be "98 percent pure plus or minus four percent"—with a corresponding pure substance weight of "54.5 grams." Dkt. No. 861 at 60: 9-25. Agent Young's testimony was based in part on a lab report analyzing the 55.7 grams of methamphetamine. *Id.* However, Agent Young did not testify that he personally conducted the lab test or drafted the lab report. Accordingly, Petitioner argues counsel failed to assert his Sixth Amendment right to confrontation because the person who actually tested the methamphetamine and drafted the lab report did not testify. Dkt. No. 968 at 2. He further argues counsel should have objected to Agent Young's testimony regarding the lab analysis because Agent Young was not listed in the Government's Expert Notice [Dkt. No. 404] and could not testify as a lay witness on that issue. Dkt. No. 973 at 2-3.

Petitioner's Original § 2255 Motion argued that irrelevant evidence was introduced at trial and counsel failed to understand the relevance of the evidence introduced. Neither of those vague

allegations—which concern the relevancy of admitted evidence—seemingly relate to Petitioner's discrete Sixth Amendment right to confrontation or counsel's failure to object to Agent Young's testimony based on the Federal Rules of Evidence governing expert and lay witnesses. Accordingly, his First and Second Amendments are dismissed as untimely.

**B. Third § 2255 Amendment**

Petitioner's Third Amendment alleges that the Court lacked subject-matter jurisdiction over his convictions for Counts Two, Twelve, and Twenty. Dkt. No. 981. As a reminder, Petitioner was convicted in Count Two for distribution of 50 grams or more of methamphetamine (actual), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. He was also convicted in Counts Twelve and Twenty for money laundering under 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2. Petitioner's argument is narrow—he alleges that crimes under 18 U.S.C. § 2 are not "discrete criminal offense[s]," nor are they "offense[s] against the United States." *Id.* at 3. For these reasons, he believes the Court lacked subject-matter jurisdiction over Counts Two, Twelve, and Twenty.

Petitioner's Original § 2255 Motion primarily asserted ineffective assistance of counsel claims. His Third Amendment does not. Instead, his Third Amendment challenges the Court's subject-matter jurisdiction, allegations of which do not appear anywhere in his Original § 2255 Motion. And even though "28 U.S.C. § 2255 specifically recognizes claims 'that the court was without jurisdiction,'' it "does not except such claims from the one-year limitations period." *Pacheco v. Habti*, 62 F.4th 1233, 1245 (10th Cir. 2023); *see also United States v. Card*, 534 F. App'x 765, 767 (10th Cir. 2013) ("Assuming [petitioner] is permitted to challenge the district court's jurisdiction for the first time in a § 2255 motion, the motion must still be timely."). Accordingly, his Third Amendment is dismissed as untimely.

**II. Petitioner's Motion to Withdraw is granted in part and denied in part.**

Petitioner moved to withdraw all of his original § 2255 claims and proceed only on his Amendments. Dkt. No. 975. However, because all his Amendments are dismissed, the Court will deny this portion of his Motion to Withdraw to prevent Petitioner from inadvertently dismissing any remaining claims under § 2255. But, in that same Motion to Withdraw, Petitioner also moved to dismiss his pending "Motion for Immediate Release on Personal Recognizance, Without Surety, Pending the Outcome of the § 2255 Habeas Case" [Dkt. No. 926-1]. The Court will accordingly grant Petitioner's request to withdraw his Motion for Immediate Release.

**III. Petitioner's Original § 2255 Motion is denied.**

So, Petitioner's original § 2255 claims are the only claims remaining. However, for the following reasons, those claims are barred or meritless.

To begin, Petitioner vaguely contends that the Court erroneously admitted "[i]rrelevent evidence," which affected his trial's outcome. Petitioner does not identify what this evidence was. To the extent this claim raises an evidentiary issue already adjudicated on appeal, this claim is barred. *See Foster v. Chatman*, 578 U.S. 48 (2016) (stating that "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal"). Furthermore, to the extent he failed to raise this claim on direct appeal, he is procedurally barred from bringing that claim now "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994). Although a petitioner can show cause and prejudice by raising ineffective assistance of counsel, those claims have no merit as explained below. So, this claim is dismissed.

Petitioner also raises ineffective assistance of counsel claims against his trial and appellate counsel. To succeed on these claims, Petitioner must demonstrate that his trial and appellate counsels' performances were deficient and prejudicial. *See Strickland v. Washington*, 466 U.S. at 690-91 (1984). Counsel's performance is "deficient" if it falls "outside the wide range of professionally competent assistance." *Id.* at 690. Counsel's deficient performance is prejudicial if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding at issue. *Id.*

Petitioner argues that his trial counsel did not understand "federal laws," including "28 C.F.R. Part 20 and 21 C.F.R. Part 1301." Dkt. No. 926 at 15. However, Petitioner does not explain why these federal regulations even applied in his case or how counsel's failure to assert these seemingly irrelevant regulations constituted deficient performance. Petitioner also argues that trial counsel failed to understand "the relevance of the [e]vidence introduced." Dkt. No. 926 at 15. But Petitioner does not identify what this evidence was, nor does he articulate how counsel's analysis of this evidence was deficient. Accordingly, he fails to establish an ineffective assistance of counsel claim against his trial counsel.

The same is true for his appellate counsel. Petitioner simply argues that appellate counsel "did not understand . . . the relevance of the Contents of Federal Register . . . 21 C.F.R. Part 1301, along with Section 1301.11(a) and . . . 28 C.F.R. Part 20. Like above, Petitioner does not explain why these federal regulations even applied in his case or how counsel's failure to assert these seemingly irrelevant regulations constituted deficient performance. So, his ineffective assistance of counsel claim against his appellate counsel is also meritless. And because all of his original claims are barred or meritless, his Original § 2255 Motion shall be denied.

**IV. The Court declines to hold an evidentiary hearing and issue a certificate of appealability.**

Because the briefing, files, and records of this case "conclusively show" that Petitioner "is not entitled to relief," an evidentiary hearing is unnecessary. 28 U.S.C. § 2255(b). Furthermore, Petitioner cannot appeal a final order in a § 2255 proceeding unless he obtains a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). He may obtain a certificate of appealability if he has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). But Petitioner has not done so. Additionally, when a district court dismisses a matter on procedural grounds, the petitioner must demonstrate that "jurists of reason would find it debatable whether the [§ 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasoned jurists would not debate that Petitioner failed to state a valid constitutional claim or that the Court's procedural rulings were correct. Consequently, the Court declines to issue a certificate of appealability.

**CONCLUSION**

IT IS THEREFORE ORDERED that

- Petitioner's Original § 2255 Motion [Dkt. No. 926] and his subsequent Amendments [Dkt. Nos. 968, 973, 981] are DENIED;
- Petitioner's Motion to Withdraw [Dkt. No. 975] is GRANTED IN PART and DENIED IN PART, resulting in Petitioner's Motion for Immediate Release [Dkt. No. 926-1] being WITHDRAWN; and
- Petitioner's Motion to Show Cause [Dkt. No. 939] is DENIED as moot.

Dated this 13th day of October, 2026.

JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE